UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:4-cr-21-DLB-1

UNITED STATES OF AMERICA,                                                        PLAINTIFF,

v.                              **MAGISTRATE JUDGE'S**
                          **REPORT AND RECOMMENDATION**

RHONDA THURMAN,                                                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter came before the Court for a final revocation hearing on April 27, 2016, based upon alleged supervised release violations as set out in the Violation Report dated June 23, 2015, and Addendum dated July 30, 2015. An initial appearance was held on August 3, 2015, before the undersigned, and upon agreement of the parties, the matter was continued for sixty (60) days. [R. 85]. After sixty days, a status hearing was held in the matter, [R. 86], and upon the Court's own motion and with the consent and agreement of counsel, the matter was continued for another six (6) months, with the Court to readdress the violations at the final revocation hearing in April of 2016. [Id.].

At the final hearing, Thurman was present and represented by CJA-appointed counsel Michael B. Fox, and the United States by and through Assistant U.S. Attorney Ron Walker. During the hearing, the parties jointly recommended that the Court dismiss the alleged violations without prejudice, finding Defendant has been compliant with conditions of release since the alleged violations, and has made significant progress in addressing a variety of issues in her life. For the reasons that follow, the undersigned recommends that the alleged supervision violations set out in the Violation Report dated June 23, 2015, and Addendum dated July 30, 2015, be

1

DISMISSED WITHOUT PREJUDICE, and further recommends Defendant be permitted to continue her term of supervision.

## BACKGROUND

The following alleged violations of Defendant's terms of supervised release were set forth in the Violation Report and Addendum:

FROM THE VIOLATION REPORT OF JUNE 23, 2015:

<u>Violation #1: Standard Condition #7</u>: *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.* It is alleged that, on June 17, 2015, during an unannounced home visit, Defendant tested positive for marijuana following a urinalysis. Defendant denied using marijuana and attributed the positive drug test to her previous marijuana use which was detected on April 10, 2015. Upon being sent to a lab for testing, Defendant's urinalysis results again tested positive for marijuana. If found guilty of this alleged violation, this would constitute a Grade C Violation.

<u>Violation #2: Supervised Release Condition</u>: *The defendant shall not commit another federal, state, or local crime.* Where Defendant allegedly possessed marijuana unlawfully, and a Schedule I Controlled Substance under the Controlled Substances Act, Defendant allegedly also violated this condition. Due to her prior drug conviction, possession of marijuana would constitute conduct resulting in a violation of 21 U.S.C. § 844(a), a Class E Felony. If found guilty of this alleged violation, this would constitute a Grade B Violation.

FROM THE ADDENDUM OF OCTOBER 6, 2015:

<u>Violation #1: Standard Condition #7</u>: *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.* On April 10, 2015, during a meeting with her Pathways psychiatrist, Defendant admitted to taking more Klonopin than prescribed to her. Where Klonopin is a schedule IV Controlled Substance, and Defendant is required to take this medication only as prescribed, she allegedly violated this condition by exceeding the prescribed dosage of Klonopin. If found guilty of this alleged violation, this would constitute a Grade C Violation.

However, as explained above, the parties did not address the facts or allegations contained within the June 23, 2015 Violation Report or the July 30, 2015 Addendum. Instead, defense counsel stressed that, due to Defendant's substantial compliance with release conditions following the alleged violations, and her notable progress in terms of mental health and general stability, the Court should permit her to remain on supervision, to continue to work closely with and be monitored by her mental health counselor, Susan Keipper, a case manager with Shawnee Mental Health.

Defense then called Susan Keipper as its only witness, who testified that she has been closely monitoring Defendant since July 2015, and Ms. Thurman has been doing exceptionally well. Although Defendant suffers from schizophrenia and bi-polar disorder, and from lupus and thyroid problems, Ms. Keipper assured the Court that Defendant has been making great progress since working with Ms. Keipper. Keipper testified that she meets Defendant about two times each week, and regularly administers urine tests to ascertain Defendant's ongoing compliance, noting Defendant has not failed a single drug test during this time.

Upon hearing Ms. Keipper's testimony, the Government called no witnesses and, based upon Ms. Keipper's testimony which underscored Defendant's progress and desire to continue down her present path, the Government made an oral motion to dismiss the Petition for Violations without prejudice.

## RECOMMENDATION

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) Defendant's alleged supervision violations, as set forth in the June 23, 2015 Violation Report and July 30, 2015 Addendum, be DISMISSED WITHOUT PREJUDICE, and

(2) Defendant be allowed to CONTINUE her current unexpired term of supervised release.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 29, 2016.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge